COOLEY LLP
BENJAMIN H. KLEINE (257225)
(bkleine@cooley.com)
KELSEY R. SPECTOR (321488)
(kspector@cooley.com)
DARINA A. SHTRAKHMAN (324109)
(dshtrakhman@cooley.com)
GIA JUNG (340160)
(gjung@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
ZOOM VIDEO COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| S. WESTRON and J. MILNE,<br><br>              Plaintiffs,<br><br>      v.<br><br>ZOOM VIDEO COMMUNICATIONS, INC.,<br>a Delaware corporation,<br><br>              Defendant. | Case No. 4:22-cv-03147-YGR<br><br>**DEFENDANT ZOOM VIDEO COMMUNICATIONS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ZOOM'S REQUEST
FOR JUDICIAL NOTICE
CASE NO. 4:22-CV-03147-YGR

**NOTICE OF MOTION & STATEMENT OF RELIEF SOUGHT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:** Please take notice that on September 13, 2022 at 2:00 p.m. or as soon thereafter as it may be heard in this Court, Defendant Zoom Video Communications, Inc. ("Zoom") will request that the Court consider Exhibits 1-3 to the Declaration of Jacqueline Hill ("Hill Declaration" or "Hill Decl.") and Exhibits 4-8 to the Declaration of Benjamin H. Kleine ("Kleine Declaration" or "Kleine Decl.") in adjudicating Zoom's concurrently filed Motion to Dismiss ("Motion to Dismiss"). Specifically, Zoom will request that the Court (a) consider all Exhibits because they are incorporated by reference into Plaintiffs' Complaint (ECF No. 1), or (b) in the alternative, take judicial notice of all Exhibits under Federal Rule of Evidence 201. This Request is based on the points and authorities below, Zoom's Motion to Dismiss, the Hill Declaration and its exhibits, the Kleine Declaration and its exhibits, all pleadings and papers on file in this matter, and such other matters as may be presented.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   DOCUMENTS SUBJECT TO THIS REQUEST**

Zoom requests that the Court consider the following documents in connection with Zoom's Motion to Dismiss, which are attached to the Hill and Kleine Declarations:

1. <u>Exhibit 1 to the Hill Declaration</u>: A copy of the March 27, 2020 Zoom Terms of Service as incorporated by the Complaint.

2. <u>Exhibit 2 to the Hill Declaration</u>: A copy of the April 13, 2020 Zoom Terms of Service as incorporated by the Complaint.

3. <u>Exhibit 3 to the Hill Declaration</u>: A copy of the March 29, 2020 Privacy Policy, as incorporated by the Complaint.

4. <u>Exhibit 4 to the Kleine Declaration</u>: A copy of Zoom's March 27, 2020 blog post, as incorporated by the Complaint.

5. <u>Exhibit 5 to the Kleine Declaration</u>: A copy of Zoom's April 1, 2020 blog post, as incorporated by the Complaint.

6. <u>Exhibit 6 to the Kleine Declaration</u>: A copy of a page on the Privacyspy website, as incorporated by the Complaint.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT ZOOM'S REQUEST
FOR JUDICIAL NOTICE
CASE NO. 4:22-CV-03147-YGR

7. <u>Exhibit 7 to the Kleine Declaration</u>: A copy of the Second Amended Complaint ("SAC") in *In Re: Zoom Video Communications, Inc. Privacy Litig.,* No. 3:20-cv-02155 ("*Zoom Privacy*"), as incorporated by the Complaint.

8. <u>Exhibit 8 to the Kleine Declaration</u>: A copy of a page from the Exodus website, as incorporated by the Complaint.

## II.   LEGAL STANDARD

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). This rule exists to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LL*P, 476 F.3d 756, 763 (9th Cir. 2007) (cleaned up).

If a plaintiff's claim "depends on the contents of a document," that document should be treated as incorporated into the complaint, even if it is not attached to or its contents are not referenced by, the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Indeed, this Court has found "[a] document not appended to a complaint 'may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Avila v. Wells Fargo Bank*, 2012 WL 2953117, at *2 n.3 (N.D. Cal. July 19, 2012) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

When ruling on a motion to dismiss, a court must also consider any matter subject to judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Tellabs*, 551 U.S. at 322. Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known within the trial court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A]s a general matter, websites and their contents may be proper subjects for judicial notice" provided that the party provides the court with a copy of the relevant webpage. *Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see, e.g.*, *Frances Kenny Family Trust v. World Sav. Bank FSB*, 2005 WL 106792, at *1 n.1 (N.D. Cal. Jan. 19, 2005) (finding content on the "plaintiffs'

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT ZOOM'S REQUEST
FOR JUDICIAL NOTICE
CASE NO. 4:22-CV-03147-YGR

website to be proper matter for judicial notice"); *Kinderstart.com, LLC v. Google, Inc.*, 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (same).

### III. ARGUMENT

#### A. The Complaint Incorporates All Exhibits by Reference.

Exhibits 1, 2, and 3 to the Hill Declaration are Zoom's Terms and Privacy Policy, which are incorporated by reference into the Complaint. A contract is incorporated by reference where the plaintiffs' claim implicates the allocation of rights and duties set forth in the contract. *Shuckett v. DialAmerica Mktg. Inc.*, 2019 WL 913174, at *3 (S.D. Cal. Feb. 22, 2019) (holding contract not explicitly referenced in complaint was incorporated by reference because claims depended on terms of the contract). Here, the Terms (Exhibits 1 and 2) are incorporated by reference as not only does Paragraph 112 of the Complaint refer to the Terms, Plaintiffs' implied contract claim is barred by and thus depends on the Terms. (Compl. ¶ 112.) *See O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1001-01 (N.D. Cal. 2014) (granting request to consider terms as incorporated by reference or as subject to judicial notice and concluding terms barred implied contract claim); *Be In, Inc. v. Google LLC*, 2013 WL 5568706, at *5 (N.D. Cal. Oct. 9, 2013) (considering contract "alleged in the [complaint]" as "incorporated by reference therein" and concluding contract barred implied contract claim). Similarly, the Complaint incorporates by reference the Privacy Policy (Exhibit 3), because (i) the Terms incorporate the Privacy Policy, (ii) Plaintiffs rely on and quote from a page on the Privacyspy website that purports to summarize and describe Zoom's Privacy Policy, and (iii) Plaintiffs' claims relating to Google Analytics depend on the Privacy Policy because the Policy discloses the use of Google Analytics, defeating any claim on that basis. (Compl. ¶ 37 & n.2.) *See Knievel*, 393 F.3d at 1976; *cf.*, *Rosado v. eBay Inc.*, 53 F. Supp. 3d 1256, 1260 n.1 (N.D. Cal. 2014) (taking judicial notice of "policies linked to and incorporated by reference in the User Agreement and Fees Schedule"); *Knox v. Contra Costa Cnty.*, 2022 WL 2290686, at *10 (N.D. Cal. June 24, 2022) (similar). As such, the incorporation-by-reference doctrine prevents Plaintiffs from selectively quoting or summarizing these documents. *Swartz*, 476 F.3d at 763 (incorporation by reference "'[p]revent[s] [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting [references to] documents upon which their claims are based'") (citation omitted).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT ZOOM'S REQUEST
FOR JUDICIAL NOTICE
CASE NO. 4:22-CV-03147-YGR

Exhibits 4-8 to the Kleine Declaration are also incorporated by references into the Complaint. First, the Complaint refers to Exhibit 4, a March 27, 2020 blog post on Zoom's website, and notes that it "will be admissible at trial." (Compl. ¶ 32.) But Plaintiffs selectively rely on parts of this document and seek to ignore the parts of it that undercut their claims by not attaching or providing a URL for the document itself. Because Plaintiffs refer to this document, and because their claims depend on it for the reasons given in Zoom's Motion to Dismiss, this document is incorporated by reference. Similarly, Exhibit 5 is an April 1, 2020 blog post published on Zoom's website that explains Zoom's encryption. Plaintiffs' Complaint characterizes Zoom's website, alleging that at the time Plaintiffs were considering purchasing their Zoom subscriptions, "Zoom's website falsely stated that Zoom calls were secured with end-to-end encryption." (Compl. ¶¶ 54, 81.) But Plaintiffs ignore the April 1 blog post, which was published before they purchased their subscription, even though they copy allegations from the SAC in *Zoom Privacy* that relied on this blog post. (*See* SAC ¶ 171 & n.77.) Accordingly, Exhibits 4 and 5 should be considered as they are incorporated into the Complaint. *See Shuckett*, 2019 WL 913174, at *3; *Swartz*, 476 F.3d at 763.

Exhibit 6 is a Privacyspy media report, which Plaintiffs quote and cite in their Complaint. (Compl. ¶ 37.) The Court should thereby find Exhibit 6 to be incorporated by reference into the Complaint. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("Plaintiffs quoted [the document] in their Complaint and provided the web address where [it] could be found online. Plaintiffs thereby incorporated [the document] into the Complaint by reference.").

Similarly, the Complaint expressly relies on Exhibit 7, the SAC in *Zoom Privacy*. Specifically, in addition to explicitly citing the SAC (Compl. ¶ 40 and n.6 (citing SAC ¶ 111)), the Complaint lifts allegations wholesale from the SAC but chooses to ignore inconvenient allegations in it. As a threshold matter, Rule 11(b) does not permit an attorney to copy allegations in this way. But the doctrine of incorporation by reference also does not tolerate the selective copying Plaintiffs have engaged in here. *Swartz*, 476 F.3d at 763.

Finally, and relatedly, the paragraph of the SAC that Plaintiffs copy in turn is based on and cites Exhibit 8. (*See* Compl. ¶ 40 and n.6 (citing SAC ¶ 111; SAC ¶¶ 109-11 & n.27 (citing a page

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT ZOOM'S REQUEST
FOR JUDICIAL NOTICE
CASE NO. 4:22-CV-03147-YGR

about Zoom Video Meetings on exodus-privacy.eu.org).) Plaintiffs do not get to selectively use the SAC and ignore the underlying source of those allegations, especially where such information undercuts their allegations. *See Shuckett*, 2019 WL 913174, at *3; *Swartz*, 476 F.3d at 763.

### B. In the Alternative, All Exhibits Are Subject to Judicial Notice.

Alternatively, the Court should take judicial notice of all the Exhibits because they are publicly available and their contents are "not subject to reasonable dispute" and "can be accurately and readily determined." Fed. R. Evid. 201(b); *see also Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983, 985 (N.D. Cal. 2010) (taking judicial notice of Microsoft's webpages); *Caldwell*, 2006 WL 618511 at *4 ("[A]s a general matter, websites and their contents may be proper subjects for judicial notice."). Exhibits 1-3 are prior versions of Zoom's Terms of Service and Privacy Policy that were available on Zoom's website and that are available via the Internet Archive. Courts regularly take judicial notice of "web pages available through the [Internet Archive (also known as the Wayback Machine)]." *See, e.g.*, *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (citations omitted); *see Sabatini v. Price*, 2018 WL 1638258, at *5 n.6 (S.D. Cal. Apr. 5, 2018), *aff'd sub nom. Sabatini v. Azar*, 749 F. App'x 588 (9th Cir. 2019) (taking judicial notice of website via Wayback Machine for the purpose of identifying information that was available to plaintiff). Exhibits 4-6 and 8 are copies of webpages available on Zoom's, Exodus's, and Privacyspy's websites and are all publicly available and thus subject to judicial notice. *See Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1197 & n.1 (N.D. Cal. 2014); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015). Finally, Exhibit 7 is the SAC in *Zoom Privacy* and is thus subject to judicial notice as a court record. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (citation omitted)). Accordingly, the Court should take judicial notice of these Exhibits.

### IV. CONCLUSION

For these reasons, Zoom requests that the Court consider all Exhibits as incorporated by reference into the Complaint or, in the alternative, that the Court take judicial notice of all Exhibits.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT ZOOM'S REQUEST
FOR JUDICIAL NOTICE
CASE NO. 4:22-CV-03147-YGR

| | |
|---|---|
| 1  Dated: July 12, 2022 | COOLEY LLP<br>BENJAMIN H. KLEINE<br>KELSEY R. SPECTOR<br>DARINA A. SHTRAKHMAN<br>GIA JUNG |

By: */s/ Benjamin H. Kleine*
        Benjamin H. Kleine

Attorney for Defendant
ZOOM VIDEO COMMUNICATIONS, INC.

271639088

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT ZOOM'S REQUEST
FOR JUDICIAL NOTICE
CASE NO. 4:22-CV-03147-YGR